■ In the Matter of NORTHEASTERN STUD WELDING CORPORATION, Petitioner, v LESLEY D. WEBSTER, as Deputy Commissioner of the New York State Department of Economic Development, et al., Respondents. [621 NYS2d 170] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which denied petitioner's request for recertification as a woman-owned business enterprise.

Petitioner is a New York corporation in the business of installing stud shear connectors and bridge forms. Previously certified by New York, and other States, as a woman-owned business enterprise, petitioner applied for recertification by the State in 1992 and was found ineligible. Following a hearing, respondents accepted the Hearing Officer's findings

and also concluded that petitioner was ineligible, prompting this proceeding.

We reject petitioner's contention that respondents have not adequately explained the basis for their finding of ineligibility in 1992, given their contrary conclusion in 1990. With respect to this point, it suffices to note that petitioner has not shown that the same information was before respondents on both occasions; hence, it has not established that respondents failed to follow precedent when confronted with "essentially the same facts" *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 517).

Nor are we persuaded that the determination must be overturned because respondent Executive Director of the Division of Minority and Women's Business Development neglected to adequately set forth the reasons therefor *(see,* Executive Law § 314 [3]) or because of procedural irregularities, which petitioner charges deprived it of due process. By incorporating the Hearing Officer's findings by reference, the Executive Director adopted the Hearing Officer's rationale for denying petitioner's application. Inasmuch as these findings and rationale provide a basis from which judicial review of the determination can proceed, no more is required *(cf., Matter of Close v Hammond,* 166 AD2d 845, 846; *Matter of Becton v New York City Tr. Auth.,* 130 AD2d 745). And the Hearing Officer's decision to permit questioning of respondents' certification analyst about the facts underlying her determination, but not as to the reasoning therefor (which was adequately set forth in the denial letter itself), was a reasonable attempt to eliminate irrelevant or repetitious evidence, and well within his discretion *(see,* 9 NYCRR 544.7 *[l]).*

Regarding the merits, we find substantial support in the record for respondents' determination. While Jean Zelezniak is petitioner's sole shareholder and president, the record as a whole, including Zelezniak's testimony, petitioner's application for recertification and the documents submitted therewith, reveals that control of petitioner's day-to-day operations is shared between Zelezniak, her husband and Frank Wright, another employee. Zelezniak performs some functions and makes some decisions on her own; yet, significant operations are shared and still others are performed by her husband alone. Though not dispositive *(see, Matter of Era Steel Constr. Corp. v Egan,* 145 AD2d 795, 798), it is of some import that Zelezniak has no training or expertise in stud welding, the construction service that petitioner provides. More importantly, decisions about which jobs to bid and how much to bid,

as well as responsibilities in the areas of marketing, sales and negotiating contracts, are shared between Zelezniak and Wright, and responsibility for purchasing equipment, hiring and firing is divided between Zelezniak and her husband, who as a union ironworker and trained stud welder also supervises all field operations and trains field workers. He is also a signatory on all business accounts.

Additionally, it is not insignificant that when the company was formed, Zelezniak was its secretary/treasurer, with her husband serving as an executive vice-president until he became aware that he could not retain both his officer status and his union membership; this provides support for the finding that Zelezniak and her husband were equal participants in the enterprise and, correspondingly, that petitioner's ownership and control structure is fashioned as it is for reasons unrelated to actual control of its operations. Moreover, there is no indication that Zelezniak has the power to fire her husband or the technical ability to evaluate his work, be it stud welding, training others to do so or supervising field operations (see, 9 NYCRR 544.2 [b] [1] [i], [ii]; [c] [3]).

Taken together, these facts amply support respondents' determination that petitioner is, in actuality, a family-owned business, with Zelezniak sharing control of its operations and management, and responsibility for managerial decisions and business transactions, with her husband (and, to a lesser extent, with Wright), such that she cannot be considered to exert independent control as required by the regulations (see, 9 NYCRR 544.2 [b], [c]).

Cardona, P. J., Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.