◼ In the Matter of C. W. Brown, Inc., Petitioner, v Lynn G. Canton, as Executive Director of the Division of Minority and Women's Business Development, et al., Respondents. [628 NYS2d 851] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Executive Director of the Division of Minority and Women's Business Development which sustained the denial of certification of petitioner as a woman-owned business enterprise.

Petitioner, a general contracting company, was incorporated in 1984 and sought certification in February 1993 as a woman-owned business enterprise (*see,* Executive Law article 15-A; 5 NYCRR part 144). Renee Brown, the holder of 51% of the

outstanding shares and vice-president, secretary and treasurer of petitioner, submitted the requisite application with supporting documentation. After an on-site visit and interview by an official from the Division of Minority and Women's Business Development, the application for certification was denied. Upon appeal, an Administrative Law Judge recommended, after a hearing, that the decision denying certification be reversed. Respondent Executive Director of the Division of Minority and Women's Business Development (hereinafter respondent) declined to follow this recommendation and issued a determination denying certification. Petitioner commenced this CPLR article 78 proceeding to review the determination.

Our review is limited to "whether, on the entire record, the determination is supported by substantial evidence" (*Matter of Marinelli Constr. Corp. v State of New York*, 200 AD2d 294, 296; *see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Most notably, "where a determination is made and the person acting has not acted in excess of his jurisdiction, in violation of lawful procedure, arbitrarily, or in abuse of his discretionary power * * * the courts have no alternative but to confirm [the] determination" (*Matter of Pell v Board of Educ., supra*, at 231).

Pursuant to the regulations promulgated in response to Executive Law article 15-A,* control is an essential prerequisite to certification (*see*, 5 NYCRR 144.2 [b]). As to this issue, we find respondent's determination fully supported by the record. Noting, as we must, that so long as the woman seeking certification retains operational control of the enterprise, technical expertise is not necessary (*see, Matter of Era Steel Constr. Corp. v Egan*, 145 AD2d 795, 798-799), we find that the testimony adduced undercuts Brown's claim of control. Brown testified that she authorizes all expenditures and is responsible for maintaining corporate financial records (e.g., accounts payable and receivable, payroll, tax returns and employee benefit plans, insurance and bonding). She described her husband and John Curly as project managers who have their own customers and handle specific accounts while she oversees them and the office staff. Yet, testimony revealed that Curly and Brown's husband wholly assume the control of actual field operations with little involvement by Brown. Brown further testified that her husband's responsibilities include bidding and supervising the outside contracts and coordinating the employees on a particu-

---

* At the time of the issuance of respondent's determination, the regulations were contained in 9 NYCRR part 544. Effective September 1, 1994, 9 NYCRR part 544 was renumbered, without modification, to 5 NYCRR part 144.

lar job. When questioned specifically about the bid review process, both she and Carl Hart, petitioner's chief estimator, described such process as a collective decision made among Brown, Hart and Brown's husband.

Brown further testified that she prepared the application for certification, wherein it was detailed that both she and her husband shared financial and hiring/firing decisions, as well as negotiating all bonding and insurance. Moreover, while Brown contends that she independently controls all operational aspects of petitioner, clarification revealed that such control is evidenced only in financial matters. Noting that the corporate structure does not prevent Brown from making operational decisions (*see*, 5 NYCRR 144.2 [b] [2]), the corporate by-laws provide that Brown's husband, as president and chief executive officer, has sole management authority. While Brown is authorized to execute binding instruments/documents and be a signatory with petitioner's bank, secure lines of credit and deal with corporate capital, the structure of the business as evidenced by the testimonial and documentary evidence indicate that both Brown and her husband operate petitioner more in the form of a family-owned business (*see*, *Matter of Northeastern Stud Welding Corp. v Webster*, 211 AD2d 889).

In further support of respondent's determination, we note that in analyzing whether Brown shares in the risks and profits of the corporation in proportion to her ownership interest (*see*, 5 NYCRR 144.2 [c] [2]), the tax returns during the years 1990 to 1992, coupled with Brown's testimony, indicate that not only had Brown's husband earned a disproportionate salary as compared to her but also that the profits of petitioner were deposited into one account which was shared equally by her and her husband. Further, joint finances were used when petitioner encountered financial difficulties. Accordingly, we find that there was substantial evidence in the record to support respondent's determination on this issue of control and therefore it shall remain undisturbed (*cf.*, *Matter of Town of Henrietta v Department of Envtl. Conservation*, 76 AD2d 215, 224). In making such determination, we find it unnecessary to address any further requirements for certification.

As to all allegations of a denial of procedural due process, we find no merit in light of the procedural steps detailed for petitioner, the conduct of the actual hearing and Brown's exercise of appropriate options (*see*, *Matter of Rauer v State Univ.*, 159 AD2d 835). As to the issuance of the order more than 30 days beyond the receipt of the Administrative Law Judge's recommendation, "[n]ot all deviations from statutory

procedures will justify vacatur of an administrative determination" (*Matter of Syquia v Board of Educ.*, 80 NY2d 531, 535). Here, in finding an absence of a showing of substantial prejudice, a departure from directory provisions will not justify vacatur (*see, ibid.*; *Matter of Center Moriches Monument Co. v Commissioner of Taxation & Fin.*, 211 AD2d 947).

After our consideration and rejection of all other contentions as without merit, we confirm respondent's determination.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.