■ In the Matter of SKYLINE SPECIALTY, INC., Petitioner, v CHARLES GARGANO, as Chair and Commissioner of the Empire State Development Corporation, Respondent. [742 NYS2d 426] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for certification as a woman-owned business enterprise.

Petitioner, incorporated in New York in 1998, is a distributor of health, safety, environmental and geoscience equipment and instrumentation. In December 1999, petitioner sought certification as a woman-owned business enterprise (*see*, Executive Law art 15-A; 5 NYCRR part 144). The application was submitted by Nancy Struzenski, the sole shareholder and president of petitioner. Following an on-site visit by an analyst for the Department of Economic Development, an interview with an employee of petitioner, and a subsequent telephone conference with Struzenski, the application for certification was denied, inter alia, for petitioner's failure to demonstrate that it operated independently as required by 5 NYCRR 144.2 (a) (2). Following administrative affirmance, petitioner instituted this CPLR article 78 proceeding, challenging the determination as arbitrary and capricious and unsupported by substantial evidence.

We first address petitioner's argument that respondent's misinterpretation of its own regulations rendered its decision arbitrary and capricious. This claim is based on petitioner's assertion that the regulations require only independent ownership and control, not independent operation of the business enterprise. This argument lacks merit not only because petitioner ignores the statutory mandate that the business be "independently owned and operated" (Executive Law § 310 [15] [d]), but it also reads too narrowly 5 NYCRR 144.2 (a) (2), which requires that "the business enterprise must demonstrate that it is an independent, continuing entity which has been actively seeking contracts or orders and regularly and actively performing business activities," and which clearly refers to the operation of such an enterprise. Respondent's interpretation of the regulations is not irrational or unreasonable and, therefore, substantial deference is accorded the interpretation (*see*, *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 597; *Matter of Johnson v Joy*, 48 NY2d 689, 691).

We also disagree with petitioner's contention that respondent's determination is not supported by substantial evidence (*see*, *Matter of C.W. Brown, Inc. v Canton*, 216 AD2d 841, 842).

In this regard, the record reveals that prior to the incorporation of petitioner, Struzenski was employed as Director of Business Systems at Environmental Products and Services, Inc. (hereinafter EPS) and she continues to hold that position. Petitioner and EPS executed a consulting agreement pursuant to which petitioner served as EPS's central purchasing agent. At the time of application, over 85% of petitioner's income and accounts receivable came from its business with EPS and, although it had a number of "outside" customers, the revenue generated from them was insignificant. In addition, Struzenski was, and continues to be, a salaried employee of EPS. Furthermore, the sole board member of petitioner is the sole shareholder of EPS, the corporate secretary of petitioner is in-house counsel for EPS, petitioner's bookkeeper was an EPS employee and EPS billed petitioner for her services, EPS's bookkeeper had signatory authority on petitioner's checking account, petitioner's office is in EPS's main office in the City of Syracuse, Onondaga County, where EPS's receptionist answers petitioner's telephones, and petitioner is a named insured on EPS's general liability, workers' compensation and employer's liability insurance policies. This evidence is more than sufficient to sustain respondent's determination that petitioner was not independently operated.

Lastly, petitioner argues that respondent's determination was arbitrary and capricious because it relies on an initial investigation which was procedurally flawed. Here, petitioner argues that Struzenski's absence during the on-site visit and the "sloppiness" of the notes of the analyst for respondent render the information obtained from the interview unreliable and lacking in probative value. We find no merit to this argument. Notably, 5 NYCRR 144.4 (g) does not mandate that the on-site inspection be conducted in the presence of the woman applicant. Here, the inspector was accompanied by petitioner's employee, who answered his questions, and subsequently the inspector contacted Struzenski and confirmed the information supplied by the employee. Petitioner has failed to demonstrate any substantial prejudice resulting from Struzenski's absence. In addition, petitioner failed to object to the content of the documents before the Administrative Law Judge, thereby failing to preserve the "sloppiness" issue for this Court's review (see, Matter of Henry v Wetzler, 82 NY2d 859, 862, cert denied 511 US 1126). In any event, the analyst/investigator testified concerning these documents and, therefore, the determination as to the weight afforded them is within the sole province of the Administrative Law Judge (see, Matter of Trustees of Masonic Hall & Asylum Fund v Axelrod, 174

AD2d 199, 202). We therefore find these arguments to be an insufficient basis upon which to disturb respondent's determination.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.