■ In the Matter of ELDERWOOD HEALTH CARE CENTER AT LINWOOD, Respondent, v ANTONIA C. NOVELLO, M.D., as Commissioner of Health, State of New York, Appellant. [872 NYS2d 759]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered October 15, 2007 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of the Administrative Law Judge (ALJ) that respondent properly reclassified the salary and benefit costs of nurse aide trainees as skilled nursing facility costs (*see* 10 NYCRR 455.37), rather

than as nursing administration costs (*see* 10 NYCRR 455.13), as reported by petitioner. We conclude that Supreme Court erred in granting the petition. Resolution of the issue whether the salary and benefit costs of nurse aide trainees are properly reclassified as skilled nursing costs as opposed to nursing administration costs depends on the interpretation of the regulations of New York State's Department of Health (agency), and it is well settled that "the interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable" (*Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]; *see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, 481 [2008]; *Matter of 427 W. 51st St. Owners Corp. v Division of Hous. & Community Renewal*, 3 NY3d 337, 342 [2004]). Here, it was neither irrational nor unreasonable for the agency to determine that the salary and benefit costs of nurse aide trainees were part of the expenses associated with "providing skilled nursing care to patients" (10 NYCRR 455.37), rather than the expenses associated with "the overall administration and supervision of all nursing services" (10 NYCRR 455.13). We thus conclude that the ALJ properly deferred to the agency's interpretation of the regulations in question. Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.