# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

273

TP 11-01893

PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF MARY SCHERZ AND PACE CNY, A
PROGRAM OF ALL-INCLUSIVE CARE FOR THE ELDERLY,
PETITIONERS,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF HEALTH AND
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,
RESPONDENTS.

---

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
PETITIONERS.

PAULA MALLORY ENGEL, SYRACUSE, FOR RESPONDENT ONONDAGA COUNTY
DEPARTMENT OF SOCIAL SERVICES.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENT NEW YORK STATE DEPARTMENT OF HEALTH.

-------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [John C. Cherundolo, A.J.], entered June 28, 2011) to review a determination of respondent New York State Department of Health.  The determination denied petitioners' application for Medicaid benefits.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner Mary Scherz commenced this CPLR article 78 proceeding challenging the determination of the New York State Department of Health (respondent) to deny the claims for Medicaid reimbursement for medical care that was provided to Scherz by PACE CNY, a Program of All-Inclusive Care for the Elderly (PACE).  After Supreme Court granted the cross motion of Scherz to amend the petition to add PACE as a necessary party, PACE and Scherz, now the two petitioners, submitted an amended petition seeking the same relief.  The matter was transferred to this Court pursuant to CPLR 7804 (g).

Initially, we note that this proceeding does not involve a substantial evidence issue, and thus the court erred in transferring the proceeding to this Court (*see* CPLR 7803 [4]; 7804 [g]; *Matter of Panek v Bennett*, 38 AD3d 1251, 1252).  A substantial evidence issue "arises only where a quasi-judicial hearing has been held and evidence

[has been] taken pursuant to law" (*Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638 [internal quotation marks omitted]) and no hearing was held or required in this case (*see id.*). We nevertheless address the merits of petitioners' contentions in the interest of judicial economy (*see Panek*, 38 AD3d at 1252).

" '[J]udicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis' " (*Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.]*, 19 AD3d 1058, 1059, *lv denied* 5 NY3d 713; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231), and an administrative agency's interpretation "of its own regulations is entitled to substantial deference and should be upheld unless it is without a rational basis" (*Matter of Choices Women's Med. Ctr. v McBarnette*, 217 AD2d 623, 624; *see generally Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 902, *lv denied* 5 NY3d 713).

Insofar as relevant here, respondent's regulations require that all claims for reimbursement of payments made by PACE must be finally submitted to respondent within two years from the date upon which the care, services or supplies were furnished (*see* 18 NYCRR 540.6 [a] [3] [i]), hereinafter referred to as the two-year rule. Furthermore, respondent's publications indicated that respondent would consider waiving the two-year rule in cases where, as here, it had erroneously denied a claim, but only in the event that a request for such a waiver was submitted within 90 days of the issuance of respondent's "remittance statement" establishing that the claim had been improperly denied. Here, respondent initially denied PACE's claims due to a computer coding error, and when PACE continued to resubmit the claims after two years had passed, respondent relied upon the two-year rule in denying PACE's re-submitted claims. Respondent eventually conceded the error and issued a "remittance statement" in June 2009. PACE concedes that it did not resubmit the claims with a request for a waiver of the two-year rule until approximately March 2010. The evidence in the record establishes that petitioners had notice of respondent's rules and exceptions thereto.

Contrary to the contention of petitioners, respondent's determination was neither erroneous nor arbitrary and capricious. The record establishes that PACE did not, inter alia, submit its request for a waiver of the two-year rule within the requisite 90 days after it received the "remittance statement" in which respondent conceded that its prior denial had been erroneous. Consequently, we conclude that respondent's determination was in conformance with its regulation and thus was not arbitrary and capricious or without a rational basis. We need not address the parties' remaining contentions in light of our determination.

Entered:  March 23, 2012                          Frances E. Cafarell
                                                  Clerk of the Court