Matter of Coverco, Inc. v New York State Dept. of Economic Dev. (2018 NY Slip Op 02056)





Matter of Coverco, Inc. v New York State Dept. of Economic Dev.


2018 NY Slip Op 02056


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


194 TP 17-01292

[*1]IN THE MATTER OF COVERCO, INC., PETITIONER,
v
NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, RESPONDENT. 






SCHRÖDER, JOSEPH & ASSOCIATES, LLP, BUFFALO (LINDA H. JOSEPH OF COUNSEL), FOR PETITIONER.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [E. Jeannette Ogden, J.], entered June 16, 2017) to annul a determination of respondent. The determination denied petitioner's 2014 application for certification as a women-owned business enterprise. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying its 2014 application for certification as a woman-owned business enterprise (see generally 5 NYCRR 144.2). Petitioner contends that the determination that it failed to meet certain criteria used to determine whether a business is eligible to be certified as a woman-owned business enterprise was arbitrary and capricious because respondent failed to adhere to its determination in 2010 that granted petitioner such status, and failed to provide a sufficient explanation for failing to adhere to the prior determination. "Absent such an explanation, failure to conform to agency precedent will . . . require reversal on the law as arbitrary, even though there is in the record substantial evidence to support the determination made" (Matter of Charles A. Field Delivery Serv. [Roberts] , 66 NY2d 516, 520 [1985]). Here, however, petitioner did not meet its initial burden of establishing that "the same information was before respondent[] on both occasions" with respect to the eligibility criteria on which respondent based its determination (Matter of Northeastern Stud Welding Corp. v Webster , 211 AD2d 889, 890 [3d Dept 1995]). Thus, petitioner has not established that "respondent[] failed to follow precedent when confronted with essentially the same facts' " (id ., quoting Charles A. Field Delivery Serv. , 66 NY2d at 517).
Contrary to petitioner's further contention, viewing the record as a whole (see Matter of C.W. Brown Inc. v Canton , 216 AD2d 841, 842 [3d Dept 1995]), we conclude that respondent's determination is supported by substantial evidence inasmuch as petitioner failed to establish its eligibility with respect to ownership and control criteria set forth in 5 NYCRR 144.2 (a) (1), (b) (1) and (c) (2) (see id. at 842-843; Northeastern Stud Welding Corp. , 211 AD2d at 890-891).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court