Matter of Occupational Safety & Envtl. Assoc., Inc. v New York State Dept. of Economic Dev. (2018 NY Slip Op 03290)





Matter of Occupational Safety & Envtl. Assoc., Inc. v New York State Dept. of Economic Dev.


2018 NY Slip Op 03290


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


592 TP 17-01958

[*1]IN THE MATTER OF OCCUPATIONAL SAFETY & ENVIRONMENTAL ASSOCIATES, INC., PETITIONER,
v
NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, DIVISION OF MINORITY AND WOMEN'S BUSINESS DEVELOPMENT, AND EMPIRE STATE DEVELOPMENT CORPORATION, RESPONDENTS. 






DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP, BUFFALO (PATRICIA GILLEN OF COUNSEL), FOR PETITIONER.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [John F. O'Donnell, J.], entered November 6, 2017) to annul a determination denying petitioner's application for recertification as a women-owned business enterprise. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination that denied its application for recertification as a women-owned business enterprise ([WBE]; see Executive Law § 310 [15]; 5 NYCRR 144.2). Petitioner is a business that provides safety, environmental, and industrial hygiene consulting and training. In 1993, Gina L. Coniglio (Gina) became the majority owner of petitioner and, in 1995, petitioner was certified as a WBE by respondent New York State Department of Economic Development, Division of Minority and Women's Business Development (Division) and was granted recertification periodically thereafter. In 2013, petitioner submitted an application for recertification but it was denied by the Division based on petitioner's failure to meet three separate eligibility criteria related to women's ownership, operation, and control of petitioner. Petitioner filed an administrative appeal. After receiving written submissions, the Administrative Law Judge recommended that the determination be affirmed, and the Executive Director of the Division accepted that recommendation.
We initially note that, inasmuch as no administrative hearing was held, this proceeding does not raise a substantial evidence issue, and Supreme Court therefore should not have transferred the proceeding to this Court (see CPLR 7803 [4]; 7804 [g]; Matter of Scherz v New York State Dept. of Health, 93 AD3d 1302, 1303 [4th Dept 2012]). We nevertheless address the merits of petitioner's contentions in the interest of judicial economy (see Scherz, 93 AD3d at 1303).
" In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious' " (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see generally CPLR 7803 [3]). Here, contrary to petitioner's contention, we conclude that the Division's determination is supported by a rational basis and is not arbitrary and capricious.
First, it was rational for the Division to determine that the contribution of the women [*2]owners was not proportionate to their equity interest in the business enterprise (see 5 NYCRR 144.2 [a] [1]). Gina and her sister had a combined 54.3% ownership interest in petitioner, while Gina's husband, John P. Coniglio (John), had a 45.7% ownership interest. The figures submitted by petitioner in its application, however, showed that the two women contributed less than 51% to the corporation in terms of money and expertise (see id.). Petitioner contends that those figures were from the 1995 application, and that the Division failed to account for the fact that Gina has gained significantly more experience, involvement, and control over the operations of the corporation since 1995. We reject that contention inasmuch as it is clear from the Division's determination that it relied on information after that time and concluded that petitioner had not shown the requisite ownership of the business.
Second, it was rational for the Division to determine that decisions pertaining to the operations of the business enterprise were not made by the women claiming ownership of the business (see 5 NYCRR 144.2 [b] [1]). The Division properly considered the factors set forth in 5 NYCRR 144.2 (b) (1) (i)-(iii) and determined that Gina did not have the working knowledge and expertise to have independent operational control of the business's enterprise, i.e., consulting and training work. Rather, it was John who had the education and expertise in occupational safety and health management and safety engineering, and who was the principal consultant for the business. Thus, at most, Gina and John operated petitioner as a family-owned business (see Matter of C.W. Brown, Inc. v Canton, 216 AD2d 841, 842 [3d Dept 1995]; Matter of Northeastern Stud Welding Corp. v Webster, 211 AD2d 889, 891 [3d Dept 1995]).
Inasmuch as we conclude that the Division's determination has a rational basis on those two grounds, it is not necessary for us to address the third and final basis for the Division's determination
(see C.W. Brown, Inc., 216 AD2d at 843).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court