Matter of J.C. Smith, Inc. v New York State Dept. of Economic Dev. (2018 NY Slip Op 05433)





Matter of J.C. Smith, Inc. v New York State Dept. of Economic Dev.


2018 NY Slip Op 05433


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


832 TP 17-01928

[*1]IN THE MATTER OF J.C. SMITH, INC., PETITIONER,
v
NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, ALSO KNOWN AS EMPIRE STATE DEVELOPMENT, HOWARD ZEMSKY, COMMISSIONER, NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT AND CEO OF EMPIRE STATE DEVELOPMENT, DIVISION OF MINORITY AND WOMEN'S BUSINESS DEVELOPMENT OF NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, AND LOURDES ZAPATA, DIRECTOR, DIVISION OF MINORITY AND WOMEN'S BUSINESS DEVELOPMENT OF NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, RESPONDENTS. 






BARCLAY DAMON LLP, SYRACUSE (KEVIN G. ROE OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Onondaga County [James P. Murphy, J.], entered October 18, 2017) to review a determination of respondent Division of Minority and Women's Business Development of New York State Department of Economic Development. The determination denied petitioner's application for recertification as a women-owned business enterprise. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination of respondent Division of Minority and Women's Business Development of the New York State Department of Economic Development (Division), which denied its application for recertification as a women-owned business enterprise ([WBE]; see Executive Law § 310 [15]; 5 NYCRR 144.2). In 1976, John Smith (John) and Josephine Smith (Josephine; collectively, Smiths) founded petitioner, a business specializing in the sale, service, and rental of light construction equipment and supplies. Following John's retirement in 1994, Josephine was elected president. The Division first certified petitioner as a WBE in 1995, and petitioner was granted recertification periodically thereafter. After Josephine's death in October 2013, her shares were distributed to each of the Smiths' three children—Joanne Reed (Joanne), Jeffrey Smith (Jeffrey), and Jay Smith (Jay)—each of whom was involved and held shares in the business. Jeffrey later transferred one of his shares to his wife, Mary Smith, who was also involved and held additional shares in the business, in order to maintain petitioner's eligibility for certification as a WBE (see Executive Law § 310 [15] [a]). In November 2013, the owners reconfigured petitioner's corporate structure by amending the bylaws to create a new position of Chief Executive Officer as the top executive office and appointing Joanne to that position.
Petitioner submitted an application for recertification in May 2014, but the Division denied it on grounds including that petitioner did not meet the eligibility criterion related to [*2]women's control of the business because petitioner failed to demonstrate that the women owners made decisions pertaining to the operations of the business enterprise (see 5 NYCRR 144.2 [b] [1]). Petitioner filed an administrative appeal and thereafter declined to proceed with a hearing and instead requested that the matter be decided as a written appeal. After receiving written submissions, the Administrative Law Judge recommended that the determination be affirmed on the aforementioned ground, and the Executive Director of the Division accepted that recommendation.
We note at the outset that Supreme Court erred in transferring the proceeding to this Court inasmuch as it does not involve a substantial evidence issue (see CPLR 7803 [4]; 7804 [g]). "A substantial evidence issue arises only where a quasi-judicial hearing has been held and evidence [has been] taken pursuant to law' . . . and[, here,] no hearing was held" (Matter of Scherz v New York State Dept. of Health, 93 AD3d 1302, 1303 [4th Dept 2012]; see Matter of Occupational Safety & Envtl. Assoc., Inc. v New York State Dept. of Economic Dev., 161 AD3d 1582, 1582 [4th Dept 2018]). We nevertheless address the merits of petitioner's contentions in the interest of judicial economy (see Occupational Safety & Envtl. Assoc., Inc., 161 AD3d at 1582).
" In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious' " (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see Occupational Safety & Envtl. Assoc., Inc., 161 AD3d at 1583; see generally CPLR 7803 [3]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Peckham, 12 NY3d at 431). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (id.). "Further, courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (id.), and thus an agency's interpretation of its own regulations will not be disturbed where it " is not irrational or unreasonable' " (Matter of Elderwood Health Care Ctr. at Linwood v Novello, 59 AD3d 932, 933 [4th Dept 2009]).
We reject petitioner's contention that the Division's interpretation of the regulations promulgated pursuant to the applicable statute is irrational or unreasonable. The statute requires the business applying for certification as a WBE to establish that its "women ownership has and exercises the authority to control independently the day-to-day business decisions of the enterprise" (Executive Law § 310 [15] [c]), and the regulation at issue here provides that a business seeking to establish the requisite control of the business by women must establish that its women owners make "[d]ecisions pertaining to the operations of the business enterprise" (5 NYCRR 144.2 [b] [1]). In view of the legislative purpose to facilitate additional business opportunities for women-owned enterprises (see e.g. Executive Law § 311 [3] [a]), and the requirement that women exercise independent control over the day-to-day business decisions of the enterprise (see § 310 [15] [c]), we conclude that it is not irrational or unreasonable for the Division to require that a woman owner must exercise independent operational control over the core functions of the business in order to establish the requisite control for WBE certification (see Matter of Skyline Specialty v Gargano, 294 AD2d 742, 742 [3d Dept 2002]). In so doing, the Division ensures that a woman owner exercises bona fide independent control over the operations of the business enterprise rather than mere nominal control in order to reap the benefits of certification (see generally Matter of Era Steel Constr. Corp. v Egan, 145 AD2d 795, 797-799 [3d Dept 1988]). Contrary to petitioner's contention, the Division's interpretation of the regulations is not a departure from the factor-based evaluation set forth under the "control" criterion of the regulations (5 NYCRR 144.2 [b] [1] [i]-[iii]); rather, it informs that evaluation by identifying the "operations of the business enterprise" for which a woman owner must make decisions in order to demonstrate her independent control of the business (5 NYCRR 144.2 [b] [1]; see generally Matter of C.W. Brown, Inc. v Canton, 216 AD2d 841, 842-843 [3d Dept 1995]; Matter of Northeastern Stud Welding Corp. v Webster, 211 AD2d 889, 890-891 [3d Dept 1995]).
Contrary to petitioner's further contention, we conclude that the Division's determination to deny the application for recertification is supported by a rational basis and is not arbitrary and capricious. In particular, it was rational for the Division to determine that decisions pertaining to the operations of the business enterprise were not made by the women claiming ownership of the business (see 5 NYCRR 144.2 [b] [1]; Occupational Safety & Envtl. Assoc., Inc., 161 AD3d at [*3]1583). The record establishes that petitioner's core operations consist of the sale, service, and rental of light construction equipment and supplies, and that Jeffrey is the sales manager who supervises salespersons and monitors the performance of petitioner's various retail locations while Jay meets with manufacturers' sales representatives and oversees the purchase of supplies and inventory. By contrast, the record establishes that Joanne is primarily responsible for human resource issues, financial management, accounts receivable, and legal matters. Based upon that evidence, the Division rationally concluded that Jeffrey and Jay, rather than Joanne, exercised operational control over the core functions of the business (see C.W. Brown, Inc., 216 AD2d at 843). Although a woman owner who otherwise exercises independent operational control over the core functions of the business does not relinquish eligibility for certification as a WBE by merely delegating responsibilities (see generally Executive Law § 310 [15] [c]; 5 NYCRR 144.2 [b] [1]), the record here supports the determination that petitioner is operated as a family-owned business rather than a women-owned business inasmuch as each of the family member owners shared operational control and responsibility for managerial decisions (see Occupational Safety & Envtl. Assoc., Inc., 161 AD3d at 1583; Northeastern Stud Welding Corp., 211 AD2d at 891).
Petitioner also contends that it was arbitrary and capricious for the Division to deny its application for recertification because petitioner had consistently been certified while Josephine was alive, and nothing "in the structure, operations, or management of core functions changed after Josephine's death." Inasmuch as that contention is raised for the first time before this Court, petitioner failed to preserve it for our review and we have no discretionary authority to review it in this CPLR article 78 proceeding (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Finally, we have reviewed petitioner's remaining contention and conclude that it is without merit.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court