Matter of Brennan v Green (2018 NY Slip Op 08786)





Matter of Brennan v Green


2018 NY Slip Op 08786


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1072 TP 17-02208

[*1]IN THE MATTER OF DENNIS BRENNAN, PETITIONER,
v
MICHAEL C. GREEN, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DEPUTY COMMISSIONER OF DIVISION OF CRIMINAL JUSTICE SERVICES, AND NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES, RESPONDENTS. 






SANDERS & SANDERS, CHEEKTOWAGA (HARVEY PHILIP SANDERS OF COUNSEL), FOR PETITIONER. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Paul Wojtaszek, J.], entered December 22, 2017) to review a determination of respondent New York State Division of Criminal Justice Services. The determination revoked petitioner's instructor certifications. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent New York State Division of Criminal Justice Services (Division) revoking his General Topics Instructor Certification and Firearms Instructor Certification (collectively, instructor certifications).
Initially, we note that, inasmuch as this proceeding does not involve a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court (see Matter of Scherz v New York State Dept. of Health, 93 AD3d 1302, 1303 [4th Dept 2012]; see also CPLR 7803 [4]; 7804 [g]). "A substantial evidence issue arises only where a quasi-judicial hearing has been held and evidence [has been] taken pursuant to law" (Scherz, 93 AD3d at 1303 [internal quotation marks omitted]). Here, no hearing was held, nor was one required by law or statute. Although the proceeding was erroneously transferred, we will address the merits of petitioner's contentions.
"Our review of this administrative determination is limited to whether the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v Howard, 159 AD3d 1561, 1562 [4th Dept 2018], quoting CPLR 7803 [3]). A determination is arbitrary and capricious "when it is taken without sound basis in reason or regard to the facts" (Matter of Thompson v Jefferson County Sheriff John P. Burns, 118 AD3d 1276, 1277 [4th Dept 2014]). "An agency's determination is entitled to great deference . . . and, [i]f the [reviewing] court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result" (id. [internal quotation marks and citations omitted]).
Petitioner does not contend that the determination is affected by an error of law and, viewing the record as a whole, we conclude that the Division's determination to revoke [*2]petitioner's instructor certifications is not arbitrary and capricious or an abuse of discretion. The record supports the Division's determination that each of the six bases for revocation specified in the administrative complaint was substantiated.
We have reviewed petitioner's remaining contentions and conclude that none warrants annulling the determination.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court