Matter of Panko Elec. & Maintenance Corp. v Zapata (2019 NY Slip Op 03868)





Matter of Panko Elec. & Maintenance Corp. v Zapata


2019 NY Slip Op 03868


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527326

[*1]In the Matter of PANKO ELECTRICAL AND MAINTENANCE CORPORATION, Petitioner,
v
LOURDES ZAPATA, as Executive Director of the Division of Minority and Women's Business Development, et al., Respondents.

Calendar Date: March 27, 2019

Before: Garry, P.J., Devine, Aarons and Rumsey, JJ.


Hinman, Howard & Kattell, LLP, Binghamton (Dawn J. Lanouette of counsel), for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Executive Director of the Division of Minority and Women's Business Development denying petitioner's application for recertification as a women-owned business enterprise.
Petitioner is an electrical contracting company and, beginning in 2001, was certified as a women-owned business enterprise by respondent New York State Department of Economic Development, Division of Minority and Women's Business Development (hereinafter the Division) (see Executive Law art 15-A). The Division denied petitioner's 2016 application for recertification on the ground that petitioner was ineligible. Following an administrative appeal and hearing, an Administrative Law Judge issued a recommended order analyzing the proof and agreeing with that determination. Respondent Executive Director of the Division issued a final order incorporating the findings and rationale of the recommended order, prompting this CPLR article 78 proceeding.
Barbara Panko has served as petitioner's majority shareholder and president since its inception, while the minority shareholder was her husband and is now her son, both non-minority men and licensed electricians. "[C]ontrol is an essential prerequisite to certification" and, although Panko is not an electrician herself, such expertise is not required so long as she "retains operational control of the enterprise" (Matter of C.W. Brown, Inc. v Canton, 216 AD2d 841, 842 [1995]; see Executive Law § 310 [15] [c]; 5 NYCRR 144.2 [b] [1] [i]; Matter of Northeastern Stud Welding Corp. v Webster, 211 AD2d 889, 890 [1995]). There is no dispute that Panko bears primary responsibility for petitioner's financial and administrative affairs and, among other [*2]things, decides which potential jobs to pursue, okays final estimates and bids, obtains bonding for bids and personally reviews and executes complicated or financially significant contracts (see 5 NYCRR 144.2 [b] [1] [iii]). Petitioner suggests that this involvement shows that the Executive Director's determination finding that she lacked operational control over the firm to be irrational. We disagree and confirm.
The record contains evidence that Panko does not enjoy independent control over the "day-to-day business decisions" of petitioner (Executive Law § 310 [15] [c]; see 5 NYCRR 144.2 [b] [1], [3]). Panko testified to having authority to alter job proposals and approve estimates, for example, but struggled to explain how she could evaluate the appropriate cost of a project when she lacked electrical expertise. She also confessed that she could not read blueprints and tasked others with handling the technical details in developing estimates. Significantly, Panko did not supervise any field operations and rarely visited work sites, leaving her son and project managers to handle those duties and execute contracts for many of the projects to which they are assigned (see Matter of C.W. Brown, Inc. v Canton, 216 AD2d at 842-843). The son testified that, once a project left the initial process of estimating and approval, "that's when project management takes over." Further, Panko's son appeared to exercise a good degree of control over the firm's work, consulting on and approving some estimates, managing multiple contracting jobs at a time and executing contracts as a corporate officer. Panko and her son collectively handled other essential business functions as well, including personnel decisions and consulting with petitioner's accountant for tax purposes (cf. Matter of Era Steel Constr. Corp. v Egan, 145 AD2d 795, 798-799 [1988]). Thus, notwithstanding proof that might support a different result, substantial evidence in the record exists for the Executive Director's determination "that petitioner is, in actuality, a family-owned business, with [Panko] sharing control of its operations and management, and responsibility for managerial decisions and business transactions, . . . such that she cannot be considered to exert independent control as required by the regulations" (Matter of Northeastern Stud Welding Corp. v Webster, 211 AD2d at 891; see Matter of J.C. Smith, Inc. v New York State Dept. of Economic Dev., 163 AD3d 1517, 1519-1520 [2018], lv denied 32 NY3d 1191 [2019]).
Petitioner's remaining contentions are either academic or lack merit.
Garry, P.J., Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.